## CURRAN *v.* GEORGIA LOAN & TRUST COMPANY.

There was no abuse of discretion in granting, at the instance of a party interested in an execution and having control thereof, an interlocutory injunction restraining the sheriff from conveying to a third person land bid off by the latter for about one per cent. of its value at a sale had under such execution, when there was at the hearing evidence warranting the judge in finding that there was much confusion at the sale, that relatively to the rights of the party first mentioned, who intended to bid for the property but who was prevented from so doing, the sale was not fairly conducted, and also other evidence tending to show that the purchaser had knowledge that such was the fact.

Argued May 21, — Decided June 7, 1898.

Injunction. Before Judge Lumpkin. Fulton county. March 5, 1898.

*Arnold & Arnold*, for plaintiff in error.

*Samuel Barnett*, contra.

LUMPKIN, P. J.    The plaintiff in error complains of the grant-ing of an interlocutory injunction restraining the sheriff from conveying to him certain land which he had bid off at a sale under execution conducted by that officer.    The record discloses that Samuel Barnett, an attorney at law, had control of this execution, with full power to direct or suspend proceedings thereunder.    At the hearing there was evidence to the follow-ing effect: On the day of sale, Barnett was considering the ad-visability of withdrawing from sale the land now in dispute and which had been advertised for sale under the execution above mentioned.    He obtained from the sheriff an agreement to postpone until the last the sale of this particular land on that day.    The latter nevertheless exposed the same for sale and knocked it off to Curran in violation of the understanding had with Barnett, and in consequence the latter did not have an opportunity to bid for the land, as he had intended to do. There was much confusion attending the sheriff's sales on that day, and by reason thereof neither Barnett nor one Wilson (an attorney associated with Barnett in looking after this matter) really knew that the sheriff was crying this land for sale when it was bid off by Curran.    It was worth about $2,500.00, and his bid was only $25.00.    On the other hand, there was evidence tending to show that the sheriff agreed with Barnett to sell this property "about the last"; that only one other piece of prop-erty was sold after the sale now in controversy had taken place ; that Barnett and Wilson knew, or had every opportunity of knowing, the land in dispute was being cried when Curran bid it off; and that the sale was in all respects fair and regular. There was no affirmative evidence showing that Curran had any knowledge of the agreement between Barnett and the sher-iff, but there was proof of a number of facts and circumstances tending to show that Curran did know Barnett desired to bid for this property, and must have been aware that his failure to do so was the result of a misunderstanding of some kind.    It is not incumbent upon this court to determine what the exact truth of the matter is.    This duty devolved upon the trial judge, and the defendant in error is entitled to the benefit of the strongest inferences of fact which the judge could reasonably

draw from the evidence most favorable to it. This being so, we have reached the conclusion that there was certainly no abuse of discretion in granting the temporary injunction and thus preserving the status until the parties could be fairly heard before a jury. If there is any doubt as to the fairness of the sale, and there is any evidence to support a finding that Curran knew he was taking an unconscionable advantage, the sale, upon such a grossly inadequate consideration, should never reach a final consummation. If, on the other hand, the sale was fair and Curran bid off the property in good faith, he should not be deprived of the benefit of his bargain solely because of the extreme smallness of the price at which he became the purchaser. *Judgment affirmed. All the Justices concurring.*